RECEIVED
JUN 21 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                        CRIMINAL NO. 03-50038-01
                                        JUDGE TOM STAGG

CHARLES KESSEE

## MEMORANDUM RULING

Charles Kessee ("Kessee") is serving a sentence for a federal felony. Before the court are his several claims for relief presented in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 94. For the reasons that follow, **IT IS ORDERED** that Kessee be permitted to take an out-of-time appeal and that his other claims for relief are **STAYED** pending the outcome of that appeal.

## I. BACKGROUND

Kessee was charged in a two count indictment with conspiracy to distribute five kilograms or more of powder cocaine and with possession with intent to distribute powder cocaine. See Record Document 1. A jury trial commenced on March 1, 2004. Kessee pleaded guilty to count one, conspiracy to distribute powder

cocaine, after the lunch break of the first day of his jury trial. This court imposed sentence on July 23, 2004. Pertinent to this ruling, Kessee asserts that he requested that his counsel file an appeal (and that he compensated counsel for so doing), but that a timely direct appeal was never perfected. In his section 2255 motion currently before the court, Kessee argues that his attorney rendered ineffective assistance by, inter alia, inducing him to plead guilty despite his innocence of the charge to which he pleaded, a lack of evidence, failing to file an appeal and similar failures.

## II. LAW AND ANALYSIS

Kessee has alleged facts that would constitute ineffective assistance of counsel and give rise to a right to an out-of-time appeal under Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000). The government has not responded to Kessee's allegations with *any* argument or evidence whatsoever, except the inaccurate statements that "[t]here is no indication or allegation that the defendant gave the attorney specific instructions to pursue an appeal" and that "[t]he defendant has not alleged that he ever expressed an interest to appeal." Record Document 105 at 12. Kessee, however, clearly stated in his section 2255 motion--twice--that "counsel failed to file a notice of appeal when *requested* to do so," and that counsel "was requested to file an appeal, on behalf of the Movant, to earn the entire retainer fee

[] paid to counsel." Record Document 94 at 3 and 16 (emphasis added by the court). Relief is, thus, warranted.

The Fifth Circuit described in <u>United States v. West</u>, 240 F.3d 456 (5th Cir. 2001) the judicial remedy of permitting an out-of-time appeal and certain procedural steps that must be taken to permit appellate jurisdiction over the appeal. The court instructed that the district judge reinstate on the criminal docket the underlying criminal judgment. Thereafter, the time for appeal is the ten days permitted by Federal Rule of Appellate Procedure 4(b)(1)(A). Furthermore, when a section 2255 motion joins a claim for an out-of-time appeal with other claims, the district court may permit the appeal to proceed and hold the other claims in abeyance pending the outcome of the appeal. See <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 871 n. 15 (5th Cir. 2000).

### III. CONCLUSION

Kessee's motion pursuant to section 2255 demonstrates that he is entitled to relief in the form of an out-of-time appeal. Accordingly, **IT IS ORDERED** that Kessee's motion pursuant to 28 U.S.C. § 2255 (Record Document 94) be resolved by granting Kessee the judicial remedy of an out-of-time direct appeal. All other claims for relief presented in the motion and amendment are **STAYED** and **HELD**

3

**IN ABEYANCE** pending the outcome of the appeal. To effectuate the out-of-time appeal, the judgment in this criminal case (Document 89) is hereby **REINSTATED** on the criminal docket as required by <u>United States v. West</u>, 240 F.3d 456 (5th Cir. 2001). The relevant judgment in this case is Record Document 89, originally entered on August 3, 2004. The time for appeal is the ten-day period provided in Federal Rule of Appellate Procedure 4(b)(1)(A).

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of June, 2005.

JUDGE TOM STAGG